UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SETH D. HARRIS, Acting Secretary of Labor, United
States Department of Labor,

                              **Plaintiff,**

                              v.                                  5:13-CV-536
                                                               (FJS/DEP)

DAVID J. HARDY CONSTRUCTION CO. INC.
401(K) PLAN,

                              **Defendant.**

_____

**APPEARANCES**                                          **OF COUNSEL**

**UNITED STATES DEPARTMENT**          **M. PATRICIA SMITH, ESQ.**
**OF LABOR**                                      **PATRICIA M. RODENHAUSEN, ESQ.**
201 Verick Street, Room 983                **STACY M. GOLDBERG, ESQ.**
New York, New York 10014
Attorneys for Plaintiff

**DAVID J. HARDY CONSTRUCTION**      **NO APPEARANCE**
**CO., INC. 401(K) PLAN**

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiff's motion for a default judgment against Defendant 401(K) Plan ("Defendant Plan") and for the appointment of an independent fiduciary to Defendant Plan. *See* Dkt. No. 7.

### II. BACKGROUND

Plaintiff filed his complaint in this action on May 8, 2013, seeking to enjoin acts and

practices that violate the provisions of Title I of Employee Retirement Income Security Act ("ERISA") and to obtain appropriate equitable relief to redress these violations and enforce the provisions of Title I pursuant to 29 U.S.C. § 1132(a)(5). *See* Complaint at ¶ 1.

According to Plaintiff's complaint, David J. Hardy Construction Co., Inc. (the "Company") sponsored Defendant Plan. *See id.* at ¶ 2. The Company established Defendant Plan in 1992. *See id.* at ¶ 6. David J. Hardy was the sole Trustee of Defendant Plan and owner of the Company at all relevant times. *See id.* at ¶ 7. The Company ceased operations in June 2008, and all of the Company's assets were sold in a bank auction in August 2008. *See id.* at ¶ 8. Since 2008, no individual or entity has taken steps to wind down Defendant Plan or to distribute Defendant Plan's assets to Defendant Plan's nineteen participants. *See* Declaration of Stacy M. Goldberg dated July 12, 2013 ("Goldberg Declaration") at ¶6; Complaint at ¶ 13.

Without a duly appointed Trustee or other fiduciary of Defendant Plan to instruct an asset custodian to distribute Defendant Plan's assets, Defendant Plan's participants have been unable to obtain distributions of funds from Defendant Plan. *See* Complaint at ¶ 8. Benefit Plan Administration Systems Utica ("BPAS"), located at 6 Rhoads Drive, Utica, New York 13502, is the custodian of Defendant Plan assets. *See* Goldberg Declaration at ¶ 10; Complaint at ¶ 12. As of December 31, 2011, BPAS held $270,631.00 in Defendant Plan's assets, including a forfeiture account containing $6,141.00 of Defendant Plan's assets. *See* Goldberg Declaration at ¶ 10; Complaint at ¶ 12. Finally, Plaintiff alleges that, because Defendant Plan exists without a named fiduciary and without its assets being held in trust by a trustee, Defendant Plan is in violation of ERISA §§ 402, 403, 29 U.S.C. §§ 1102, 1105. *See* Complaint at ¶ 15.

Pursuant to 29 U.S.C. § 1132(a)(5), Plaintiff seeks the appointment of an independent

fiduciary with authority to administer Defendant Plan and, if necessary, to implement its orderly termination.

Plaintiff effected service on David J. Hardy, the last known fiduciary of Defendant Plan on May 31, 2013, by means of personal service. *See* Notice of Motion at ¶ 2; Goldberg Declaration at ¶ 8. Defendant Plan has not answered or otherwise appeared in this action. *See* Goldberg Declaration at ¶ 11. Plaintiff requested an Entry of Notice of Default on June 26, 2013, which the Clerk of the Court entered on June 27, 2013. *See* Dkt. Nos. 5, 6. Plaintiff now requests that the Court enter a default judgment against Defendant Plan and appoint M. Larry Lefoldt as the independent fiduciary of Defendant Plan.[1]

### III. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that when a party fails to defend itself the Clerk of the Court shall enter that party's default. *See* Fed. R. Civ. P. 55(a). The plaintiff may then seek a default judgment. *See* Fed. R. Civ. P. 55(b).

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted).

Plaintiff alleges that, because Defendant Plan has no active named fiduciary, Defendant

---

[1] Plaintiff submitted Mr. Lefoldt's *curriculum vitae* for the Court's review.

Plan exists in violation of 29 U.S.C. § 1102(a).

Section 1102(a) provides that

> (1) Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.
>
> (2) For purposes of this subchapter, the term "named fiduciary" means a fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly.

29 U.S.C. § 1102(a).

The well-pleaded facts establish that Defendant Plan has no active named fiduciary. Accordingly, the Court finds that Defendant Plan exists in violation of 29 U.S.C. § 1102(a).

Plaintiff also asserts that, because Defendant Plan has not had a trustee since 2008, Defendant Plan exists in violation of 29 U.S.C. § 1103(a).

Section 1103(a) provides that,

> [e]xcept as provided in subsection (b) of this section, all assets of an employee benefit plan shall be held in trust by one or more trustees. Such trustee or trustees shall be either named in the trust instrument or in the plan instrument as described in section 1102(a) of this title or appointed by a person who is a named fiduciary, and upon acceptance of being named or appointed, the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan, except to the extent that
>
> > (1) the plan expressly provides that the trustee or trustees are subject to the direction of a named fiduciary who is not a trustee, in which case the trustees shall be subject to proper directions of such fiduciary which are made in accordance with the

>> terms of the plan and which are not contrary to this chapter, or
>
>> (2) authority to manage, acquire, or dispose of assets of the plan is delegated to one or more investment managers pursuant to section 1102(c)(3) of this title.

29 U.S.C. § 1103(a).

The well-pleaded facts establish that Defendant Plan has had no trustee since 2008. Accordingly, the Court finds that Defendant Plan exists in violation of 29 U.S.C. § 1103(a).

Finally, pursuant to 29 U.S.C. § 1132(a)(5), the Secretary has standing to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ." 29 U.S.C. § 1132(a)(5). "Appropriate equitable relief includes the appointment of independent plan . . . fiduciaries to carry out the proper administration and management of benefit plans." *Chao v. Zoltrix Inc.*, No. C 07-00610, 2007 WL 2990429, *3 (N.D. Cal. Oct. 11, 2007) (citation omitted).

Since, as noted above, the well-pleaded facts establish that Defendant Plan exists in violation of 29 U.S.C. §§ 1102(a) and 1103(a), Plaintiff has standing to enjoin these violations and to seek appropriate equitable relief, including the appointment of an independent fiduciary.

Plaintiff requests that the Court appoint M. Larry Lefoldt of Lefoldt & Co., P.A. as the Independent Fiduciary of Defendant Plan with the authority to administer the Plan and, if necessary, implement its orderly termination. *See* Proposed Order at ¶ 2. Plaintiff also requests that the Court authorize Mr. Lefoldt, in the performance of his duties as Independent Fiduciary, to "have and exercise full authority and control with respect to the management or disposition of the assets of the Plan . . . [and to] collect, marshal, and administer all of the Plan's assets,

evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate." *See id.* Having reviewed Mr. Lefoldt's *curriculum vitae*, the Court finds that he is qualified to serve as Independent Fiduciary of Defendant Plan.

In sum, because Plaintiff has standing to bring these claims, the well-pleaded allegations in the complaint support his contention that Defendant Plan exists in violation of ERISA, and an appropriate form of equitable relief is appointment of an independent fiduciary, the Court grants Plaintiff's motion.

### IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a default judgment against Defendant Plan is **GRANTED**; and the Court further

**ORDERS** that **M. Larry Lefoldt** is appointed as the Independent Fiduciary of Defendant Plan with authority to administer Defendant Plan and, if necessary, implement its orderly termination. In performing his duties, Mr. Lefoldt shall have and exercise full authority and control with respect to the management or disposition of the assets of Defendant Plan. Mr. Lefoldt shall collect, marshal, and administer all of Defendant Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of Defendant Plan; and take such further actions with respect to Defendant Plan as may be appropriate; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall have all powers to do the things that are necessary and appropriate to administer and terminate Defendant Plan; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, Mr. Lefoldt shall consider the best interests of participants of Defendant Plan and the resources expected to be available to Defendant Plan. Mr. Lefoldt shall not be bound by any current or historic procedures or policies of Defendant Plan which conflict with his duties under ERISA; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, is empowered to require all custodians or record keepers of Defendant Plan to deliver or otherwise make available to him any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform his duties under this Memorandum-Decision and Order; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, is empowered to give instructions to asset custodians respecting the disposition of assets of Defendant Plan that they hold; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall distribute or cause the distribution of the assets of Defendant Plan in accordance with applicable Plan documents and Federal law; and the Court further

**ORDERS** that, upon completing such distribution, Mr. Lefoldt, as Independent Fiduciary, shall consider whether termination of Defendant Plan in accordance with applicable

Plan documents, ERISA, and other applicable Federal law is appropriate; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall be subject to the Orders of this Court. Within **twenty (20) days** after the date of this Memorandum-Decision and Order, Mr. Lefoldt shall submit to this Court for approval his schedule of anticipated fees and expenses for this matter with copies of his submissions to be sent to all parties to this matter; and the Court further

**ORDERS** that, in the performance of his duties, Mr. Lefoldt, as Independent Fiduciary, may retain such assistance as he may reasonably require, including attorneys, accountants, actuaries and other service providers; and the Court further

**ORDERS** that the payment of administrative expenses and fees to Mr. Lefoldt, as Independent Fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of Defendant Plan superior to any other class of expense or obligation. Mr. Lefoldt's second priority shall be the payment of legitimate claims on Defendant Plan by its participants; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall not be held personally responsible for any claims against Defendant Plan or which existed, arose, matured, or vested prior to his appointment as Independent Fiduciary; and the Court further

**ORDERS** that, upon this Court's approval of Mr. Lefoldt's anticipated fees and expenses, this matter shall be deemed closed. However, Mr. Lefoldt may apply to the Court for clarification of this Memorandum-Decision and Order or enforcement of this Memorandum-Decision and Order's terms; and the Court further

**ORDERS** that Mr. Lefoldt, as Independent Fiduciary, shall determine whether it is

appropriate to obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112, and, if so, then obtain a bond consistent with the requirements of ERISA and the regulations issued thereunder. Since Defendant Plan is the beneficiary of the bond, Defendant Plan may pay for the cost of the bond. Mr. Lefoldt, as Independent Fiduciary, may satisfy this provision by securing coverage for himself under any bond currently in force with respect to Defendant Plan, provided that the bond satisfies ERISA's provisions; and the Court further

**ORDERS** that nothing in this Memorandum-Decision and Order shall be construed in derogation of the Court's authority over Mr. Lefoldt's actions.

**IT IS SO ORDERED.**

Dated: January 27, 2014
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge